Kenneth GILLIAM, Appellant,

v.

ATLANTIC BOTTLING COMPANY and Employment Appeal Board, Appellees.

No. 89–192.

Court of Appeals of Iowa.

Jan. 25, 1990.

Carolyn F. Coleman, Legal Aid Soc. of Polk County, and Barbara A. Drews and Emil Trott, Jr., of Barrett & Trott, Des Moines, for appellant.

Kristin H. Johnson of Shearer, Hintze & Templer, P.C., West Des Moines, for appellee Atlantic Bottling Co.

William C. Whitten, Des Moines, for appellee Employment Appeal Bd.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Kenneth Gilliam was employed by Atlantic Bottling Company as a night warehouse manager from July 15, 1987, until November 10, 1987. On September 28, Atlantic received 1,149 cases of soft drinks containing Nutra–Sweet™ which has a ninety-day shelf life. Gilliam was instructed by his supervisor to make sure the September 28 merchandise was redistributed to customers before the expiration date. In order to accomplish this, the soft drinks would have to be loaded on a gradual basis. On several occasions Gilliam had to be reminded to load the September 28 merchandise. In early October, Gilliam's supervisor asked him why the product had not been shipped that day and was told the route driver didn't want it. Gilliam was instructed to follow his supervisor's orders, not those of the route driver.

On November 9, 1987, approximately 230 cases remained. Although Gilliam was specifically told to load up more of the soft drinks that evening, he did not do so because the truck had already been loaded by the time he was given the instruction. Gilliam decided not to unload the truck because the time required to unload the truck and put the old soft drinks on the truck would cost his employer money. He was discharged the next day when his supervisor found none of the remaining soft drinks had been shipped.

Gilliam filed a claim for unemployment benefits. His claim was denied based on the ruling his discharge for failure to follow instructions constituted misconduct. Gilliam's appeal of this ruling affirmed the denial. He requested a rehearing because of his inadvertent failure to appear. The rehearing was granted. A hearing officer found Gilliam had not engaged in misconduct because his actions were not willful and deliberate. The hearing officer found Gilliam had not loaded the truck with the dated product on November 9, 1987, because the truck had already been loaded.

Atlantic then appealed to the Employment Appeal Board (Board), which reversed the previous decision and disallowed benefits. The Board determined Gilliam was discharged for misconduct because he failed to follow a reasonable direct order. The Board stated Gilliam's failure to consult with his supervisor was a deliberate violation of specific instructions. Gilliam then filed a petition for judicial review. The district court affirmed the decision of the Board. The court concluded the failure to follow the instructions of the employer was a deliberate act which constitutes misconduct. The court found there was substantial evidence to support the decision of the Board.

Gilliam now appeals the decision of the district court. He states his conduct was not deliberate nor did it manifest any wrongful intent. This was an isolated incident and his overall work record was good. He further argues this conduct was merely a good faith failure to perform a specific task, which is not misconduct. At most, he argues, he is guilty of inefficiency or unsatisfactory conduct. We affirm the district court.

The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors of law. *Budding v. Iowa Dept. of Job Service*, 337 N.W.2d 219, 221 (Iowa App.1983). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dept. of Job Service*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which

is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dept. of Job Service*, 376 N.W.2d 915, 916–917. (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dept. of Job Service*, 391 N.W.2d 731 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

■ Iowa Code section 96.5(2) disqualifies an individual for unemployment benefits if they have been discharged for misconduct.

Misconduct is defined in section 370 Iowa Administrative Code 4.32(1):

> Misconduct is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision is being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of in ability or incapacity, inadvertences or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

This definition was approved by the supreme court in *Huntoon v. Iowa Dept. of Job Service*, 275 N.W.2d 445, 448 (Iowa 1979).

There is substantial evidence in the record to support the conclusion Gilliam was discharged because he failed to follow the repeated instructions of his supervisor over a period of time. The soft drink had a limited shelf life. Gilliam had originally been instructed to load some on the truck daily. He had to be reminded on repeated occasions to continue to load the merchandise. His failure culminated in a disregard of his employer's instruction to load some of the remaining merchandise on the truck the night of November 9. Gilliam made a decision to disregard these instructions without consultation with his supervisor. This evinces a willful and wanton disregard of the employer's interest, in violation of a standard of behavior that the employer has the right to expect of employees. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986).

We find the agency could reasonably have found Gilliam's actions were a deliberate act which constituted misconduct. Therefore, his request for unemployment benefits was correctly denied.

AFFIRMED.