**DEPARTMENT OF TRANSPORTA-TION, STATE OF IOWA,**
Appellant,

v.

**Melvin L. VAN CANNON, Appellee.**

**No. 89–1046.**

Court of Appeals of Iowa.

May 24, 1990.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Deputy Atty. Gen., and Daniel W. Perkins, Asst. Atty. Gen., for appellant.

Dennis L. Hanssen of Hopkins & Huebner, P.C., Des Moines, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

The district court upheld the industrial commissioner's award of workmen's com-

pensation permanent total disability benefits to Melvin L. Van Cannon (appellee). While at work, in the course of employment, Van Cannon suffered a heart attack. While undergoing open heart multiple bypass graft surgery, he suffered a stroke. He is totally disabled and has not returned to work. The Iowa Department of Transportation (DOT), Van Cannon's employer, appeals.

Van Cannon filed a claim against the DOT for permanent total disability benefits. The deputy industrial commissioner granted Van Cannon permanent total disability benefits. The deputy's decision was affirmed by the industrial commissioner and upheld by the district court. The agency found on December 16, 1985, while at work: (1) Van Cannon was required to make heavy exertions; (2) the exertions were greater than that of nonemployment life; (3) the exertions aggravated and accelerated Van Cannon's preexisting coronary disease; (4) the aggravation required Van Cannon to undergo heart surgery; (5) a stroke occurred during the surgery; and (6) Van Cannon is permanently and totally disabled from the stroke. Based on these findings, the agency concluded Van Cannon was entitled to permanent total disability benefits because he suffered an injury on December 16, 1985, which arose out of and in the course of his employment and which is causally connected to the disability on which his claim is based.

On appeal, DOT claims the agency decision is not supported by substantial evidence and it is contrary to law, unreasonable, arbitrary, capricious, and an abuse of discretion. We affirm.

■ Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code section 17A.20 to the correction of errors of law. *Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162, 165 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under

section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Budding v. Iowa Department of Job Service*, 337 N.W.2d 219, 221 (Iowa App.1983). In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979).

■ Where the facts are disputed, we will adopt the factual determinations made by the agency as long as they are supported by substantial evidence in the whole record. *Temple v. Vermeer Mfg. Co.*, 285 N.W.2d 157, 160 (Iowa 1979).

I.

Van Cannon worked for DOT on road maintenance since November 1979. He commenced having heart problems in September 1985. He underwent an angiogram procedure and was diagnosed as suffering from coronary artery disease or arteriosclerosis. An operation, known as angioplasty, was performed upon him. Three clogged coronary vessels were opened. Following that, he successfully completed a cardiac rehabilitation program at Mercy Hospital in Des Moines, Iowa. On December 1, 1985, he was diagnosed symptom-free and released by the cardiologist to return to work without any restrictions.

On December 16, 1985, while at work in very cold, zero-degree Fahrenheit temperatures, Van Cannon experienced chest pain radiating down his arms. He was assigned to clean frozen dirt and ice from a truck bed. While chopping the ice and frozen debris, he used a long-handled ice scraper. He would raise his arms above shoulder level and chop in a downward thrust with asserted force. He related the pain was a lot worse than anything he ever had before. It was hard for him to breath and he went down. He required emergency care and hospitalization. Quintuple vessel bypass graft open heart surgery was performed on him on January 9, 1986. During this surgery, Van Cannon suffered a cere-

bral infarction (stroke). He has been disabled because of the stroke since that time. We observe the evidence shows Van Cannon was able to perform his regular duties from December 2, 1985, to December 16, 1985. During this time period, he had worked seventeen hours straight through a snowstorm.

The record contains several physician's reports on Van Cannon admitted into evidence before the deputy industrial commissioner and the industrial commissioner. Dr. Paul From, M.D., reported on July 9, 1986, to Attorney Dennis L. Hanssen. We set out a portion of his opinion:

> The incident while at work on December 16, 1985, appears to me to have aggravated his pre-existing coronary problem. He had already had transcutaneous angioplasty, and had returned to work. However, while chopping ice and mud in a truck while at work in December, 1985, he did have chest pain which then resulted in another coronary angiogram and then open heart surgery. This does appear to me to be an aggravation of pre-existing disease occurring while at work and while doing fairly heavy exertion in a rather cold environment.
>
> Mr. Van Cannon appears to me to have significant impairment and appears to me to be totally disabled for gainful activity, basically because of his depression and the residuals of CNS damage following open heart surgery. The damage is undoubtedly due to a stroke syndrome.

Dr. William S. Wheeler, M.D., in a letter dated August 14, 1986, to Attorney Hanssen, stated:

> As you know, he sustained a myocardial infarction while working. He was overextending himself with [sic] apparently chopping ice from a truck, at which time he developed anginal symptoms and his myocardial infarction. I feel that one would be hard pressed to feel the exertion in cold weather was not a precipitating factor in his myocardial infarction. As noted previously to The Bankers Life Company, the patient's primary problem at this time remains that of organic brain syndrome and the small CVA he suffered perioperatively. Mr. VanCannon remains quite depressed with this situation and has memory loss related to this.

In a letter dated July 17, 1987, to Attorney Daniel Perkins, Dr. L.A. Iannone, M.D. reported:

> The question you posed as to whether or not Mr. Van Cannon's present physical condition is the result of injury or pain experienced on December 16, 1985, is difficult to assess. Mr. Van Cannon's chest pain or angina could have been experienced with any other exertional activity, not related to work. The work itself did not cause the coronary arteries to restenose. The work, however, did aggravate the symptoms, meaning that the cold temperatures and increased workload required a greater oxygen demand on the heart for which the narrowed coronary arteries were not able to supply blood to the heart muscle. This is a symptom of the underlying coronary artery disease which did indicate further evaluation, leading to the coronary angiogram and ultimately to the coronary artery bypass surgery.

## II.

■ The agency's decision is supported by substantial evidence.

■ The industrial commissioner's findings have the effect of a jury verdict. *Briar Cliff College v. Campolo,* 360 N.W.2d 91, 93 (Iowa 1984). The industrial commissioner, not the court, weighs the evidence, and the court broadly and liberally construes the industrial commissioner's findings to uphold rather than to defeat his decision. *Holmes v. Bruce Motor Freight, Inc.,* 215 N.W.2d 296, 298 (Iowa 1974). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. The possibility of drawing two inconsistent conclusions from the same body of evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978).

The district court and our appellate courts are not permitted to and should not review de novo the record made before the agency. The final agency decision in a "contested case" (Iowa Code § 17A.2) should be affirmed by the district court and our appellate courts when there is no error of law and the decision is supported by substantial evidence in the record as a whole. *See* Iowa Code § 17A.19(8)(f) (1985). (citations omitted). District courts and appellate courts alike must resist the temptation to become finders of the facts when review is not de novo. In this case the district court was careful not to usurp the fact-finding function of the agency.

*Heatherly v. Iowa Department of Job Service*, 397 N.W.2d 670 (Iowa 1986).

It is not important that the court may have held differently from the facts before the agency. It is important that there is substantial evidence to support the agency's findings. We determine the industrial commissioner's findings of fact are supported by substantial evidence.

### III.

The decision of the industrial commissioner is not contrary to law and is not unreasonable, arbitrary, capricious, nor an abuse of discretion.

■ It is a well-established principle in workmen's compensation law if a claimant had a preexisting condition or disability, aggravated, accelerated, worsened or "lighted up" by an injury which arose out of and in the course of employment resulting in a disability found to exist, he would be accordingly entitled to compensation. *Musselman v. Central Telephone Co.*, 261 Iowa 352, 359, 154 N.W.2d 128, 132 (1967). Another general principle is in determining whether an injury or disease has a direct causal connection with the employment, or arose independently thereof, it is essentially within the domain of expert testimony, and the weight to be given such an opinion is for the finder of the facts. *Id.* 261 Iowa at 360, 154 N.W.2d at 133.

■ In Iowa, a claimant with a preexisting circulatory or heart condition is permitted, upon proper medical proof, to recover workmen's compensation under at least two concepts of work-related causation.

In the first situation the work ordinarily requires heavy exertions which, superimposed on an already-defective heart, aggravates or accelerates the condition, resulting in compensable injury. *See Littell v. Lagomarcino Grupe Co.*, 235 Iowa 523, 17 N.W.2d 120 (1945). Claimant in such a case is aided by our liberal rule permitting compensation for personal injury even though it does not arise out of an "accident" or "special incident" or "unusual occurrence."

Iowa's *Littell* rationale is paralleled in a portion of Professor Arthur Larson's attempt to fashion a logical working rule in heart cases. *See* 1A Larson's Workmen's Compensation Law § 38.83, p. 7–172:

But when the employee contributes some personal element of risk—e.g., by having ... a personal disease—we have seen that the employment must contribute something substantial to increase the risk....

In heart cases, the effect of applying this distinction would be forthright:

If there is some personal causal contribution in the form of a previously weakened or diseased heart, the employment contribution must take the form of an exertion greater than that of nonemployment life.... Note that the comparison is not with this employee's usual exertion in his employment but with the exertions of normal nonemployment life of this or any other person.

In the second situation, compensation is allowed when the medical testimony shows an instance of unusually strenuous employment exertion, imposed upon a preexisting diseased condition, results in a heart injury. *See Guyon v. Swift & Co.*, 229 Iowa 625, 295 N.W. 185 (1940).

We conclude the district court was correct in affirming the industrial commissioner's legal conclusions and application of the appropriate law.

DOT urges this court to set aside and disregard significant portions of medical evidence and the agency findings and interpretations from that evidence. This we cannot do.

We affirm the district court and the industrial commissioner on this issue.

In view of our holding in II and III above, it necessarily follows the industrial commissioner's decision is not unreasonable, arbitrary, capricious, nor an abuse of discretion. DOT's assertion to the contrary is without merit.

We agree with the district court judge's conclusion,

> Applying the facts, with the inferences engendered thereby, with the conclusions, leaves little recourse than for this Court to affirm the decision of the Industrial Commissioner. That this Court may

have held differently de novo is not of import. It is the Industrial Commissioner, not this Court, that weighs the evidence, and it is this Court's burden to liberally construe those findings to uphold rather than to defeat his decision.

We adopt this conclusion as our own.

This case may have been difficult for the initial finder of fact to resolve. On judicial review, however, the evidence and the record as a whole makes plain our duty to affirm.

AFFIRMED.