**Grace NEIL, Appellant,**

v.

**JOHN DEERE COMPONENT WORKS, Appellee.**

No. 91–1552.

Court of Appeals of Iowa.

July 30, 1992.

Robert C. Andres of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellant.

John W. Rathert of Beecher, Rathert, Roberts, Field, Fister, Walker & Morris, Waterloo, for appellee.

Heard by SACKETT, P.J., HABHAB, J., and McCARTNEY, Senior Judge.*

HABHAB, Judge.

## FACTS

This workers' compensation case stems from the death of Paul Neil. On August 18, 1983, Mr. Neil died from acute myocardial infarction, secondary to severe atherosclerosis. He became ill three days after returning to work from a one-year absence for nonwork-related knee problems. He

---

* Senior judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

worked as a parts packer for the John Deere Component Works plant in Waterloo, Iowa.

Grace Neil, the decedent's spouse, filed a workers' compensation claim, asserting the death of her husband arose out of his employment with John Deere. At an administrative hearing, the parties presented conflicting evidence regarding the decedent's health status.

Mrs. Neil claimed her husband was healthy while at home with family members on the days preceding his death. She presented climatological data indicating it became extremely hot on the days the decedent returned to work. In addition, there is testimony the work conditions at the plant were oppressive because of the heat. She presented medical testimony from Dr. David Kabel the decedent's employment was a significant contributing factor to his death.

John Deere maintained the conditions inside the plant were not oppressive and dangerous. It further claimed the decedent had a history of heart disease. Dr. Kabel testified Paul Neil had a long-standing "90% blockage of his anterior descending coronary artery." John Deere presented a medical report prepared by Dr. Ankineedu Kavuru which stated Paul Neil "probably had coronary artery disease for a long time" prior to his death.

John Deere employees testified the decedent did not appear to be in good health on August 15, 16, and 17, 1983. The decedent's supervisor testified Paul looked sick. Dr. Kabel conceded during cross-examination the humidity and high temperatures were the contributing factors to Paul's death, rather than the work environment as he had previously testified. He explained if Paul had merely been standing or sitting and doing little or nothing, rather than being inside the work place, that alone could have aggravated his preexisting heart problem and placed him in the hospital. Dr. Kabel stated Paul should have stayed home in the air conditioning to avoid having a heart attack.

On August 30, 1990, the Industrial Commissioner ultimately entered a final decision determining Grace Neil had failed to prove the decedent sustained an injury and subsequent death which arose out of his employment with John Deere.

On September 26, 1990, Mrs. Neil filed a petition for judicial review with the district court. She claimed the Industrial Commissioner's decision was not supported by substantial evidence and incorrectly applied the law.

On September 12, 1991, the district court entered an order affirming the Industrial Commissioner's ruling. After reviewing the record, the court determined there was substantial evidence supporting the decision and the decision was not contrary to law. On October 7, 1991, Mrs. Neil filed a notice of appeal. We affirm.

## SCOPE OF REVIEW

The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 916–17 (Iowa App.1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is

not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean that one of those conclusions is unsupported by substantial evidence. *Id.*

## ANALYSIS

■ Under well-established worker's compensation law, "[i]f a claimant had a preexisting condition or disability, aggravated, accelerated, worsened or 'lightened up' by an injury which arose out of and in the course of employment resulting in a disability found to exist, he would be accordingly entitled to compensation." *Dep't of Transp. v. Van Cannon*, 459 N.W.2d 900, 904 (Iowa App.1990) (citing *Musselman v. Central Telephone Co.*, 261 Iowa 352, 359, 154 N.W.2d 128, 132 (1967)). Iowa permits a claimant with a preexisting circulatory or heart condition, upon medical proof, to recover worker's compensation under at least two theories. *Id.*

Under the first theory, compensation is ordinarily permitted if the work requires heavy exertions which, superimposed on an already-defective heart, aggravates or accelerates the condition resulting in injury. *Id.* (citing *Little v. Lagomarcino Grupe Co.*, 235 Iowa 523, 17 N.W.2d 120 (1945)). Professor Larson addresses this theory in a treatise. *See* 1A Larson's Workmen's Compensation Law § 38.83, p. 7–172.

"But when the employee contributes some personal element of risk—e.g. by having ... a personal disease—we have seen that the employment must contribute something substantial to increase the risk ...

In heart cases, the effect of applying this distinction would be forthright:

If there is some personal causal contribution in the form of a previously weakened or diseased heart, the employment contribution must take the form of an exertion greater than that of nonemployment life ... Note that the comparison is not with this employee's usual exertion in his employment but with the exertions of normal nonemployment life of this or any other person."

*Van Cannon*, 459 N.W.2d at 904 (quoting 1A Larson's Workmen's Compensation Law § 38.83, p. 7–172).

The second theory permits compensation when the medical testimony establishes unusually strenuous employment exertion, imposed upon a preexisting diseased condition, resulted in a heart injury. *Id.* (citing *Guyon v. Swift & Co.*, 229 Iowa 625, 295 N.W. 185 (1940)).

■ The Industrial Commissioner determined the evidence failed to demonstrate decedent's work ordinarily required heavy exertions which aggravated, or accelerated his heart condition. It further determined the evidence failed to demonstrate decedent engaged in any instance of unusually strenuous employment exertion at or about the time of his attempt to return to work in August 1983. The Industrial Commissioner concluded decedent's myocardial condition was so fragile that exertions which were within range of normal nonemployment life were sufficient to produce a myocardial infarction injury and death.

We determine the Industrial Commissioner's decision is supported by substantial evidence. Further, we determine the Industrial Commissioner utilized the correct legal standard in reaching its decision. After considering all issues presented, we affirm the district court's ruling upholding the Industrial Commissioner's decision denying Neil's claim for workers' compensation benefits under chapter 85 of the Iowa Code.

Costs of this appeal are taxed to the appellant.

AFFIRMED.