SCHLEGEL, Judge.
Geneva Hurley began employment with Sheller-Globe Corporation in Iowa City, Iowa, in 1984. The company manufactures vinyl parts for cars, such as dashboards and armrests. Hurley had back surgery in 1978, prior to her employment at Sheller-Globe, and was released from care in 1979.
Hurley injured her back on March 23, 1986. She claims the injury occurred while working at Sheller-Globe. She testified that when she informed her supervisor of the injury, he told her the company would not pay workers’ compensation benefits. Hurley had back surgery due to the injury. In order to have insurance coverage for the medical bills, she filed a claim with her group health insurer stating the injury was non-work related. She returned to work in August 1986 with no specific restrictions.
In early 1988 Hurley began to experience back pain. She felt her particular job at that time, which involved a substantial amount of bending and twisting, was aggravating her back. She asked to be moved to another position. However, her back pain did not improve. She left work on July 20,1988, due to back pain. Hurley sought medical treatment. She returned to work for a period of time in September but left again on September 20,1988. She has not resumed her work at Sheller-Globe. In order to obtain insurance coverage for her medical expenses, she stated this injury was also nonwork related.
Hurley filed a claim for workers’ compensation benefits for the 1986 and 1988 injuries on May 25, 1989. Sheller-Globe denied the injuries arose out of her employment. A hearing was held before a deputy commissioner. At the hearing, Hurley’s physician, Dr. James Turner, testified that Hurley had a total functional impairment of twenty percent of the body as a whole. His opinion was that one-third of the impairment was due to the 1978 injury, one-third was due to the 1986 injury, and one-third was due to work aggravation from 1986 to 1988.
Sheller-Globe had Hurley examined by its chosen physician, Dr. Thomas Carlstrom. Dr. Carlstrom believed she sustained a permanent impairment of about ten percent of the body as a whole. He also found her symptoms were probably due to repetitive injuries caused by her job. He was of the opinion that about one-half to one-third of her impairment was due to aggravation from her work and the rest of the impairment was due to the 1978 injury and a lifting incident in her home.
The deputy found the petition for the 1986 injury was barred by the statute of limitations. As to the 1988 injury, the deputy found Hurley was not credible because she had filed insurance claims stating the injury was nonwork related. The deputy concluded Hurley did not sustain an injury which arose out of and in the course of her employment. Hurley was thus denied workers’ compensation benefits.
Hurley appealed the deputy’s decision to the industrial commissioner. The commissioner affirmed and adopted the deputy’s decision as the final agency action in the case.
Hurley then filed a petition for judicial review. The district court noted that the deputy’s decision did not address the medical *798 opinions of the two physicians. The court found the deputy erred in disregarding the opinions of the two medical experts and their conclusion that Hurley’s injury was work related. The court ordered the case remanded to the commissioner for reconsideration on the question of whether Hurley’s injuries arose out of and in the course of her employment in light of the physicians’ opinions. Sheller-Globe has appealed.
Sheller-Globe contends the district court erred in remanding the case to the industrial commissioner. The company claims that the deputy and commissioner already considered all of the evidence in the case and no remand is necessary. It also claims that the physicians’ opinions were irrelevant because they were based upon the improper assumption that a work-related injury occurred. The company believes the physicians’ opinions were based upon an inaccurate medical history.
The scopé of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors of law. Gilliam v. Atlantic Bottling Co., 453 N.W.2d 230, 231 (Iowa App.1990). Our review encompasses the entire record and is not limited to the agency’s findings. Id. A court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. Id. at 231-232.
In determining whether an injury or disease has a direct causal connection with the employment, or arose independently thereof, it is essentially within the domain of expert testimony, and the weight to be given such an opinion is for the finder of the facts. Department of Transp. v. Van Cannon, 459 N.W.2d 900, 904 (Iowa App.1990). The industrial commissioner is not compelled to accept the opinion of any testifying medical expert. Musselman v. Cent. Tel. Co., 261 Iowa 352, 360, 154 N.W.2d 128, 132 (1967). Expert opinion testimony, even if uncontro-verted, may be accepted or rejected in whole or in part by the trier of fact. Lithcote Co. v. Ballenger, 471 N.W.2d 64, 66 (Iowa App.1991).
However, when a deputy or the industrial commissioner disregards uncontro-verted expert medical testimony he or she must say why such testimony was disregarded. Sondag v. Ferris Hardware, 220 N.W.2d 903, 908 (Iowa 1974). The fact finder may not arbitrarily or totally reject offered testimony; he or she has the duty to weigh it and determine its credibility. Langford v. Kellar Excavating & Grading, Inc., 191 N.W.2d 667, 668 (Iowa 1971); Leffler v. Wilson & Co., 320 N.W.2d 634, 635 (Iowa App.1982).
In the present case, the deputy and commissioner did not give any reason for rejecting the physicians’ opinions. No contrary medical opinions were given. Thus, the opinions of Dr. Turner and Dr. Carlstrom were uncontroverted. We determine that under the cases cited above, the agency may not arbitrarily disregard the medical evidence. We affirm the decision of the district court that this case must be remanded to the industrial commissioner for reconsideration of the issue of causation.
AFFIRMED.
OXBERGER, C.J., concurs.
SACKETT, J., dissents.