Carol COLLINS, Petitioner–Appellee,

v.

DEPARTMENT OF HUMAN SERVICES
and State of Iowa, Respondents–
Appellants.

No. 93–1874.

Court of Appeals of Iowa.

Jan. 23, 1995.

Bonnie J. Campbell, Atty. Gen., and Joanne Moeller, Asst. Atty. Gen., for appellants.

Steven C. Jayne, Des Moines, for appellee.

Heard by DONIELSON, C.J., CADY, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

Carol Collins began employment in a clerical position with the Iowa Department of Human Services in May 1987. In March 1989, she sought treatment for carpal tunnel syndrome in her left hand and wrist. She had surgery for the problem. Collins then developed reflex sympathetic dystrophy in her left hand, which is a condition with symptoms of pain, swelling, and tenderness, caused by a dysfunction of the sympathetic nervous system. She returned to work, and soon developed symptoms of carpal tunnel syndrome in her right hand. She had surgery on her right hand, and subsequently developed reflex sympathetic dystrophy in that hand as well.

Collins had complaints of pain due to her condition of reflex sympathetic dystrophy in both of her arms and her left shoulder. She has not worked since October 1989. Collins has also been treated for depression. Dr. James Dennert, a psychiatrist, testified Collins' depression was related to the pain in her hands.

Collins filed a claim for workers' compensation benefits. After a hearing, a deputy industrial commissioner determined Collins' condition of bilateral carpal tunnel syndrome arose out of her employment.[1] The deputy found Collins had two separate injuries, one to her left hand and one to her right hand, and that these were compensable as scheduled members. The deputy found Collins had 20% permanent partial disability to each

hand. The deputy concluded Collins was entitled to no additional benefits for the psychological aspect of her injury.

Collins appealed to the Industrial Commissioner, claiming she was entitled to permanent total disability benefits. The commissioner determined her injury did not extend to the body as a whole. The commissioner found that although Collins may have had pain in her shoulder, this did not mean the injury extended into her shoulder. The commissioner affirmed the decision of the deputy.

Collins filed a petition for judicial review. The district court determined the commissioner's decision that Collins suffered two separate injuries was not supported by the evidence. The court also found Collins symptoms of reflex sympathetic dystrophy and depression mean she should be compensated for industrial disability, not for the loss of a scheduled member. The court determined the case should be remanded to the commissioner for a determination of Collins' industrial disability. The employer has appealed.

I. Our review, like that of the district court, is for the correction of errors of law, not de novo. *Honeywell v. Allen Drilling Co.,* 506 N.W.2d 434, 435 (Iowa 1993). We may reverse the commissioner's findings of facts if they are unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Id.* Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Lithcote Co. v. Ballenger,* 471 N.W.2d 64, 66 (Iowa App.1991). The question is not whether the evidence might support a different finding, but whether the evidence supports the findings actually made. *Gilliam v. Atlantic Bottling Co.,* 453 N.W.2d 230, 232 (Iowa App.1990).

II. The employer contends there is insufficient evidence to find Collins suffered an industrial disability due to her depression. *Lamoni Products,* 512 N.W.2d 290, 295 (Iowa 1994) and *Stephenson v. Furnas Electric Co.,* 522 N.W.2d 828, 831 (Iowa 1994).

---

* Senior judge from the 1st judicial district serving on this court by order of the Iowa Supreme Court.

1. To support the finding that carpal tunnel syndrome is an injury and not a disease, see *Noble v.*

It claims there is no evidence to show her depression caused a loss to her earning capacity. The employer believes Collins should be compensated only for a scheduled loss to her hands.

Chapter 85 divides permanent partial disability into either a scheduled or unscheduled loss. Section 85.34(2)(a)–(t) (1993) specifies certain scheduled injuries, such as the loss of a hand and sets forth the compensation payable for such injuries. Compensation for scheduled injuries is not related to loss in earning capacity. *Honeywell,* 506 N.W.2d at 437.

In contrast, unscheduled injuries are compensated by determining the person's industrial disability. *Mortimer v. Fruehauf Corp.,* 502 N.W.2d 12, 14 (Iowa 1993). Industrial disability is arrived at by determining the loss to the employee's earning capacity. *Id.* Because industrial disability measure the loss of earning capacity rather than mere physical or mental impairment, the commissioner must consider the employee's functional impairment, age, education, work experience, and adaptability to retraining, to the extent any of these factors affect the employee's prospects for relocation in the job market. *Klein v. Furnas Electric Co.,* 384 N.W.2d 370, 374 (Iowa 1986).

The supreme court has determined a psychological condition caused or aggravated by a scheduled injury is compensable as an unscheduled injury. *Mortimer,* 502 N.W.2d at 16. The employer agrees Collins' depression is caused by the injury to her hands. Thus, she has an unscheduled injury and is entitled to compensation based on industrial disability.

We determine the calculation of Collins' industrial disability is a question for the Industrial Commissioner. We are unable to find as a matter of law, based on the record before us, that she has no reduction in earning capacity based on her depression. We affirm the district court's conclusion that this issue should be remanded to the commissioner.

III. The employer also contends Collins is not entitled to industrial disability based on her diagnosis of reflex sympathetic dys-

trophy. It claims there is substantial evidence in the record to support the commissioner's finding that her condition did not extend beyond her hands, and thus, she suffered only a loss to a scheduled member.

Reflex sympathetic dystrophy is sometimes referred to as causalgia or Sudeck's atrophy. 3 Robert K. Ausman, M.D., & Dean E. Snyder, J.D., *Medical Library* § 4–278(c) (lawyer's ed. 1989). The condition of causalgia or Sudeck's atrophy was considered in *Barton v. Nevada Poultry Co.,* 253 Iowa 285, 110 N.W.2d 660 (1961). There, the employee suffered an injury to the foot, which is a scheduled member. *Id.* at 287, 110 N.W.2d at 661. As a result of the injury the employee's entire nervous system became affected by causalgia. *Id.,* at 287, 110 N.W.2d at 661. In *Barton,* the court held that where an employee has an injury to a scheduled member and also to a part of the body not included in the schedule, the resultant permanent disability was compensable as an unscheduled disability. *Id.* at 291, 110 N.W.2d at 663. The court concluded the employee, based on the condition of causalgia, was entitled to compensation based on industrial disability. *Id.* at 292, 110 N.W.2d at 664.

Under *Barton,* Collins is entitled to compensation for an industrial disability. She suffered an injury to a scheduled member, her hands, and also to a part of the body not included in the schedule, her nervous system. Reflex sympathetic dystrophy is a dysfunction of the sympathetic nervous system. Ausman & Snyder, *supra,* § 4–278(a). We affirm the conclusion of the district court that this issue should be remanded to the commissioner for a determination of Collins' industrial disability.

IV. The employer claims the district court should not have reversed the commissioner's finding Collins suffered two separate injuries. The basis for this argument is that under section 85.34(2)(s), the rate of compensation for an injury to both hands in a single incident is greater than the rate of compensation would be for two separate injuries to the hands under section 85.34(2)(1). These sections are part of the list of compensation payable for losses to scheduled members.

**630**

We have already found Collins is entitled to compensation for industrial disability. Thus, the schedule of compensation payable for losses to scheduled members is not applicable. We determine we do not need to address this issue.

V. The employer also raises an issue concerning the district court's request to the employee's counsel to write a proposed opinion. The employer did not file a motion pursuant to Iowa Rule of Civil Procedure 179(b) asking the district court to revise its findings. We conclude the employer failed to preserve error on this issue. *See Nowling v. Scurr*, 331 N.W.2d 394, 396 (Iowa 1983).

VI. In summary, we affirm the decision of the district court concluding this case should be remanded to the Industrial Commissioner for a consideration of Collins' industrial disability. Costs of this appeal are assessed to the employer.

**AFFIRMED AND REMANDED.**