**IN THE COURT OF APPEALS OF IOWA**

No. 15-1511
Filed September 14, 2016

**DARLENE JANSSEN,**
        Plaintiff-Appellant,

**vs.**

**MERRY LANES, INC. and**
**FIRSTCOMP INSURANCE,**
        Defendants-Appellees.

_____

Appeal from the Iowa District Court for Osceola County, Nancy L. Whittenburg, Judge.

An employee appeals the district court's ruling on judicial review upholding the workers' compensation commissioner's determination that she was entitled benefits for a "scheduled" injury rather than industrial disability benefits. **AFFIRMED.**

Willis J. Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

Sasha L. Monthei and Kent Smith of Scheldrup Blades, Cedar Rapids, for appellees.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

An employee appeals the district court's ruling on judicial review upholding the workers' compensation commissioner's determination that she was entitled benefits for a "scheduled" injury under Iowa Code section 85.34(2)(o) rather than industrial disability benefits under section 85.34(2)(u) (2009). Because substantial evidence supports the commissioner's findings and its application of law to the facts is not wholly unjustifiable, we affirm.

**I. Background Facts and Proceedings.**

Darlene Janssen sustained an injury to her hamstring when she slipped and did the splits on October 30, 2010, while working as a bartender for the employer, Merry Lanes, Inc. Janssen filed a petition for workers' compensation benefits with the Iowa Workers' Compensation Commissioner. The employer and its insurer denied Janssen sustained an injury to her body as a whole, and instead maintained her injury was limited to her leg, a scheduled injury.

An arbitration hearing was held before a deputy commissioner, who issued a ruling on February 3, 2014, finding Janssen sustained an injury to her body as a whole and was permanently and totally disabled. On interagency appeal, the acting commissioner determined Janssen had failed to prove she sustained a whole-body injury and that the evidence demonstrated Janssen's injury was limited to her left lower extremity. The commissioner ruled Janssen was entitled to 72.6 weeks of permanent-partial-disability benefits and no penalty benefits.

Janssen sought judicial review in the district court, which affirmed the commissioner. Janssen now appeals.

**II. Standard of Review.**

The district court considering a petition for judicial review acts in an appellate capacity and may reverse or modify an agency's decision if the agency's decision is erroneous under a section of the Iowa Administrative Procedure Act and a party's substantial rights have been prejudiced. Iowa Code § 17A.19(10) (2013).

> When dealing with the issue of whether substantial evidence supports the agency's findings, the district court and the appellate court can only grant relief to a party from the agency's decision if a determination of fact by the agency "is not supported by substantial evidence in the record before the court when that record is viewed as a whole."

*Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014) (quoting Iowa Code § 17A.19(10)(f)). "Substantial evidence supports an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion." *Id.* "Just because the interpretation of the evidence is open to a fair difference of opinion does not mean the [agency's] decision is not supported by substantial evidence. An appellate court should not consider evidence insubstantial merely because the court may draw different conclusions from the record." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 393 (Iowa 2007) (citations omitted). When we review a district court decision that reviewed an agency action, our task is to determine if we would reach the same result as the district court in applying the Act. *Gits*, 855 N.W.2d at 197. If we reach the same result, we affirm; if not, we reverse. *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014).

**III. Discussion.**

We reject Janssen's claim that the issue before us is a matter of erroneous statutory interpretation. Janssen contends that the "essence" of prior decisions by the appellate court is "that the nerves and veins are system wide and extend beyond a scheduled member and are not listed as scheduled members and are therefore compensated industrially." She relies upon this court's rulings in *Collins v. Department of Human Services*, 529 N.W.2d 627 (Iowa Ct. App. 1995), and *First Fleet Corp. v. Hannam*, No. 14-1254, 2015 WL 4158941 (Iowa Ct. App. July 9, 2015). Janssen mischaracterizes the case holdings.

The question presented in both cases was whether the agency's factual findings were supported by substantial evidence. *See Collins*, 529 N.W.2d at 628-29; *Hannam*, 2015 WL 4158941, at \*4. In *Collins*, we found substantial evidence supported the commissioner's finding that the employee's depression was related to her work-related injury and was compensable by determining the employee's industrial disability. 529 N.W.2d at 629. Having "already found Collins is entitled to compensation for industrial disability," we did not address the issue of whether her diagnosis of reflex sympathetic dystrophy[1] was a second injury compensable by industrial disability. *Id.* at 629-30. In *Hannam* we ruled, "The commissioner's determination that Hannam suffered nervous system injury compensable as an unscheduled disability is supported by substantial evidence, and the district court erred in ruling otherwise." 2015 WL 4158941, at \*4.

---

[1] "Reflex sympathetic dystrophy is a dysfunction of the sympathetic nervous system." *Collins*, 529 N.W.2d at 629.

Here, however, the commissioner concluded Janssen had suffered a scheduled-member injury.  As an appellate court, our task "is not to determine whether the evidence supports a different finding; rather, our task is to determine whether" there is substantial evidence supporting the findings the commissioner "actually made."  *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011).  The question presented then is whether there is substantial evidence to support the commissioner's finding that Janssen suffered a scheduled-member injury.  There is.

On January 20, 2011, Dr. Gary Miller performed an electrophysiologic (EMG) study which was described as abnormal.  Dr. Miller's report indicates the EMG showed "irritation of the sciatic nerve in the area of the biceps femoris muscles consistent with injury and irritation localized in that area" and that "[t]here is no clear evidence of lumbosacral radiculopathy."  On April 25, 2011, Dr. James Case performed a new EMG, which revealed a "severe partial sciatic neuropathy to the sciatic branch supplying the right lower extremity lateral hamstring groups."  Dr. Case also found no indication the injury extended beyond the leg.  Citing these expert opinions, the commissioner determined:

> In the present case, claimant's injury is confined to the leg.  There is no question claimant suffered a right proximal hamstring tear causing damage to the sciatic nerve.  The sciatic nerve injury was limited to the section of the lateral upper hamstring.  Objective testimony showed the sciatic nerve injury did not extend into the low back.

There is substantial evidence in the record supporting the agency's finding that Janssen's injury does not extend beyond her right lower extremity.  And the commissioner's conclusion that the injury is compensable as a scheduled-

member injury is not "irrational, illogical, or wholly unjustifiable." *See* Iowa Code § 17A.19(10)(m).

Having found no merit to Janssen's contention that the agency erred in concluding she suffered a scheduled-member injury, we need not address her claim she should have been awarded penalty benefits based on that purported error. We affirm.

**AFFIRMED.**